IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission, | ) ) ) |
| | ) )   CIVIL ACTION NO. |
| Plaintiff, | ) )   COMPLAINT ) )   JURY TRIAL DEMAND |
| v. | ) ) ) ) |
| Michael L. Riddle Painting, Inc., d/b/a Riddle Painting & Coatings | ) ) ) |
| Defendant. | ) ) ) |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and sex and to provide appropriate relief to Marcus Taylor and other aggrieved individuals. As alleged with greater particularity below, Defendant Michael L. Riddle Painting, Inc., d/b/a Riddle Painting & Coatings ("Riddle") discriminated against Mr. Taylor and other aggrieved individuals by subjecting them to racial and sexual harassment. Riddle employees repeatedly called Mr. Taylor and other similarly situated aggrieved individuals the N-word on the job site. Mr. Taylor and other aggrieved individuals were also subjected to verbal and physical sexual harassment by their coworkers. The racial and sexual harassment reached such an egregious level that Mr. Taylor was forced to constructively discharge.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Arizona.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Riddle has continuously been doing business in the State of Arizona and the Phoenix metropolitan area, and it has continuously had at least 15 employees.

5. At all relevant times, Riddle has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Marcus Taylor filed a charge of discrimination with the Commission alleging violations of Title VII by Riddle.

7. On July 25, 2018, the Commission issued to Riddle a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Riddle to join with the

Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. On August 29, 2018, the Commission issued to Riddle a Notice of Failure of Conciliation advising Riddle that the Commission was unable to secure from Riddle a conciliation agreement acceptable to the Commission.

9. All conditions precedent to the institution of this lawsuit have been fulfilled.

## FACTUAL ALLEGATIONS

10. Marcus Taylor, an African American man, began working for Riddle in May 2013.

11. Mr. Taylor was subjected to racial harassment by coworkers at Riddle.

12. In particular, Florentino Travino frequently called Mr. Taylor the N-word.

13. One particularly egregious incident occurred in December 2015 at a project at a baseball stadium. On that project, Mr. Travino repeatedly called Mr. Taylor the N-word in front of his co-workers and another foreman.

14. Mr. Taylor walked away from Mr. Travino. While Mr. Taylor was walking away, Mr. Travino repeatedly and loudly called out that Marcus Taylor is a N-word.

15. Mr. Taylor was offended and upset by the racial harassment at Riddle.

16. Other aggrieved individuals were subjected to racial harassment by coworkers and foremen at Riddle.

17. Other Riddle employees heard the N-word and other offensive terms used by Riddle foremen and employees.

18. Riddle knew or should have known about the racial harassment.

19. Jerry Bowers, Sr. was Riddle's superintendent during the entirety of Mr. Taylor's employment.

20. As Superintendent, Mr. Bowers Sr. has the authority to discipline, fire, and hire employees.

21. Mr. Bowers Sr. heard Mr. Travino call Mr. Taylor the N-word at least three times, but Mr. Bowers Sr. did not discipline Mr. Travino.

22. Riddle foremen also knew or should have known about the racial harassment.

23. Mr. Taylor complained to Jerry Bowers Jr., Mr. Taylor's foreman, about Mr. Travino's racial harassment, but Mr. Bowers Jr. did not stop the harassment or discipline Mr. Travino.

24. Mr. Travino admits the N-word was used pervasively at the work place at Riddle.

25. Daniel Quintiela Jr., another Riddle foreman, knew that the N-word was used pervasively at the work place.

26. Mr. Quintiela Jr., was present at the baseball stadium project where Mr. Travino repeatedly called Mr. Taylor the N-word, but Mr. Quintiela Jr. did not stop the harassment or discipline Mr. Travino.

27. Mr. Taylor and other aggrieved individuals were subjected to sexual harassment by coworkers at Riddle.

28. Mr. Travino constantly sexually harassed Mr. Taylor. Mr. Travino told Mr. Taylor words to the effect of "Your lips are so big, I bet you could suck a mean dick."

29. Mr. Travino also told Mr. Taylor words to the effect of, "Your tits are so big. Are you sure you are not a woman?"

30. Mr. Travino frequently tried to pinch Mr. Taylor's nipples while on the job.

31. Mr. Travino frequently ran his hands up Mr. Taylor's legs and buttocks, touching Mr. Taylor's genitals through his clothes while on the job.

32. Mr. Travino frequently slapped Mr. Taylor on his genitals and his buttocks while on the job.

33. Mr. Quintiela Jr. also sexually harassed employees at Riddle before he became a foreman.

34. Riddle knew or should have known about the sexual harassment.

35. Mr. Taylor complained about Mr. Travino's sexual harassment to his foreman Mr. Bowers Jr, but Riddle did not discipline Mr. Travino or remedy the harassment.

36. Other Riddle employees stated that they frequently observed sexual harassment at Riddle.

37. Riddle did not have any equal employment opportunity policies, including anti-harassment policies, in place for the duration of Mr. Taylor's employment with Defendant.

38. Riddle did not have policies in place that explained who an employee should complain to if they were being harassed while Mr. Taylor worked there.

39. Mr. Taylor took a preplanned vacation in December 2015 after the particularly egregious harassment. When he returned, he drove to Riddle to see about work.

40. When Mr. Taylor arrived, he saw Mr. Travino was still working there.

41. Mr. Taylor was extremely upset by the racial and sexual harassment he had endured from Mr. Travino, and Mr. Taylor feared working with Mr. Travino after the particularly egregious harassment earlier that month.

42. Riddle's harassment of Mr. Taylor and its failure to remedy that harassment in any way constructively discharged Mr. Taylor.

## STATEMENT OF CLAIMS

## FIRST CLAIM FOR RELIEF

### [Race-Based Hostile Work Environment –42 U.S.C. § 2000e-2(a)]

43.     The allegations in the foregoing paragraphs are hereby incorporated by reference.

44.     From May 2013 through at least December 2015, Riddle subjected Marcus Taylor and other aggrieved individuals to racial harassment constituting a hostile work environment.

45.     Riddle knew or should have known about the racial harassment, but Riddle failed to take prompt or effective action to prevent, correct, or remedy the hostile work environment.

46.     The effect of the practices complained of in the foregoing paragraphs has been to deprive Marcus Taylor and other aggrieved individuals of equal employment opportunities and otherwise adversely affected their status as employees because of their race.

47.     The unlawful employment practices complained of in the foregoing paragraphs were intentional.

48.     The unlawful employment practices complained of in the foregoing paragraphs were done with malice or reckless indifference to Mr. Taylor and other aggrieved individuals federally protected rights.

## SECOND CLAIM FOR RELIEF

### [Sex-Based Hostile Work Environment –42 U.S.C. § 2000e-2(a)]

49.     The allegations in the foregoing paragraphs are hereby incorporated by reference.

50.     From May 2013 through at least December 2015, Riddle subjected Mr. Taylor and other aggrieved individuals to sexual harassment constituting a hostile work environment.

51.     Riddle knew or should have known about the sexual harassment, but Riddle failed to take prompt or effective action to prevent, correct, or remedy the hostile work environment.

52.     The effect of the practices complained of in the foregoing paragraphs has been to deprive Mr. Taylor and other aggrieved individuals of equal employment opportunities and otherwise adversely affected their status as employees because of their sex.

53. The unlawful employment practices complained of in the foregoing paragraphs were intentional.

54. The unlawful employment practices complained of in the foregoing paragraphs were done with malice or reckless indifference to Mr. Taylor and other aggrieved individuals federally protected rights.

## THIRD CLAIM FOR RELIEF

## [Constructive Discharge– 42 U.S.C. § 2000e-2(a)]

55. The allegations contained in the foregoing paragraphs are hereby incorporated by reference.

56. Riddle constructively discharged Mr. Taylor by subjecting him to egregious racial and sexual harassment and taking no action to prevent, correct, or remedy the harassment.

57. The harassment that Mr. Taylor suffered made his working conditions so difficult that a reasonable person in his position would feel compelled to resign.

58. The effect of the practices complained of in the foregoing paragraphs has been to deprive Mr. Taylor of equal employment opportunities and otherwise adversely affected his status as an employee because of his race and/ or sex.

59. The unlawful employment practices complained of in in the foregoing paragraphs were intentional.

60. The unlawful employment practices complained of in the foregoing paragraphs were done with malice or with reckless indifference to the federally protected rights of Mr. Taylor.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Riddle, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from harassing individuals because of their race and/or sex.

B. Order Riddle to institute and carry out policies, practices, and programs which provide equal employment opportunities for all its employees which eradicate the effects of its past and present unlawful employment practices.

C. Order Riddle to make Marcus Taylor whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to the racial harassment, sexual harassment, and constructive discharge suffered by Mr. Taylor.

D. Order Riddle to make whole Marcus Taylor and other aggrieved individuals by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E. Order Riddle to pay Marcus Taylor and other aggrieved individuals punitive damages for the malicious and reckless conduct described above, in amounts to be determined at trial.

F. Grant such further relief as the Court deems necessary and proper in the public interest.

G. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

JAMES LEE

Acting General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

MARY JO O'NEILL
Regional Attorney

JAMES DRISCOLL-MACEACHRON Trial
Supervisory Trial Attorney

/s MICHAEL BASKIND
Trial Attorney


EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

Phoenix District Office